UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STOUGHTON MEDIA ACCESS CORPORATION, ) ) ) ) Plaintiff, ) ) v. ) ) THE TOWN OF STOUGHTON, ) MASSACHUSETTS, ) THOMAS CALTER III, STEPHEN CAVEY, ) AND JOSEPH MOKRISKY, ) IN THEIR INDIVIDUAL ) AND OFFICIAL CAPACITIES, ) ) Defendants. ) ) | Case No. 1:25-cv-10886-IT<br><br>Oral Argument Requested<br>Expedited Hearing Requested |

## PLAINTIFF'S EMERGENCY MOTION
## FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

In this suit, Plaintiff Stoughton Media Access Corporation ("SMAC"), a 501(c)(3) non-profit, challenges the unlawful efforts by Defendants The Town of Stoughton, Massachusetts (the "Town") and Thomas Calter III, Stephen Cavey, and Joseph Mokrisky (collectively, the "Individual Defendants" and, with the Town, "Defendants") to threaten, intimidate, and coerce SMAC into broadcasting programming on SMAC's Public, Educational, and Governmental ("PEG") access channels that Defendants deem to be politically favorable to themselves, and to retaliate against SMAC for its perceived failure to do so, in violation of the Access Corporation Agreement (the "Agreement"), Doc. No. 1 at 33-47, between the Town and SMAC, which reserves programming decisions to SMAC, governing federal law, which requires SMAC to be politically neutral, and the First Amendment, which protects SMAC's free speech rights.

1

On or about September 11, 2025, SMAC received a letter from Select Board Chair Cavey, notifying SMAC that the Select Board will hold a public hearing to deliberate and vote on whether to find SMAC in alleged breach of the Agreement and, if the Select Board so votes, to then deliberate and vote on whether to withdraw SMAC's designation as the Town's Access Corporation, thereby terminating the Agreement, or to otherwise sanction or penalize SMAC. Counsel for Defendants has already stated on the record and in open court that Defendants will not settle this matter. The Individual Defendants apparently intend to participate in that hearing and to insist on the termination of SMAC's Agreement with the Town.

**There are only six days until the October 9, 2025 Select Board hearing.** There can be no doubt about the ultimate outcome of the upcoming meeting; the Select Board, having already voted to have a vote about terminating the Agreement, will inevitably vote to do so at the hearing. Defendants' plan to terminate the Agreement is a blatant attempt to punish SMAC for filing this lawsuit and to force an end to this litigation by ending SMAC's ability to continue operating. It is also an obvious abuse of their elected offices for the Individual Defendants to advocate and vote on a matter that it is reasonably foreseeable will result in personal financial windfalls: the avoidance of potentially significant money damages in this lawsuit. By all appearances, Defendants mean for the October 9 hearing to be both the latest and last step in their ongoing retaliatory campaign to permanently and completely silence SMAC for having refused to broadcast only that content of which Defendants approve.

If Defendants are not enjoined, their termination of the Agreement will result in immediate, irreparable, and existential harm to SMAC, as well as immediate, irreparable, and ongoing harm to SMAC's employees and the Town's residents. Defendants' wrongful termination of the Agreement will result in the destruction of SMAC as it exists today. The Agreement authorizes

SMAC to operate the PEG access channels per 47 U.S.C. §531, its corporate purpose, and provides SMAC's funding, upon which its continued operations depend. Deprived of its funding source and primary purpose, SMAC will be forced to lay off its employees, leaving them and their dependents without a source of income during a period of nationwide economic uncertainty. Without SMAC, there will be no one to operate the Town's PEG access channels, at least in the short term, and so the Town's citizens who rely on SMAC to broadcast their programming will be taken off the air, and the Town's citizens who watch SMAC for local governmental news and educational programming will be deprived of an essential resource. Even if the Town eventually creates and staffs an entity more compliant to its objectives than SMAC to run the local PEG access channels, the Town's citizens will be restricted from broadcasting viewpoints at odds with Defendants' preferred positions, and so the Town's citizens will remain deprived of programming that presents points of view different than those preferred by Defendants.

For these reasons, SMAC respectfully moves, on an emergency basis and after an expedited hearing, pursuant to Federal Rule of Civil Procedure 65, the Court to enter a temporary restraining order ("TRO") and a preliminary injunction ("PI"), without a bond, against Defendants. As set forth in SMAC's accompanying memorandum and supporting affidavits, as well as its Complaint, Doc. No. 1 at 1-32, which is incorporated herein by reference, SMAC has established: that there is a strong likelihood that it will succeed on the merits of its claims; that it will suffer irreparable harm without injunctive relief; and that the balance of equities and the public interest weigh heavily in favor of maintaining the status quo during the pendency of this lawsuit.

SMAC thus respectfully requests that this Honorable Court:

A. Grant this Motion;

B. Order that Defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Defendants and their officers, agents, servants, employees, and attorneys, be temporarily restrained and preliminarily enjoined from:

   1. Deliberating, voting, or taking any action to hold SMAC in alleged breach or default under the Agreement, withdraw SMAC's designation as the Town's Access Corporation under the Agreement, terminate the Agreement, or otherwise penalize or sanction SMAC, other than pursuing a defense or counterclaim to that effect in this lawsuit;

   2. Breaching or violating, or taking any other actions to breach or violate, any of their contractual obligations to SMAC under the Agreement, including, but not limited to, withholding funds due to SMAC, attempting to exercise editorial control over SMAC's programming, threatening or retaliating against SMAC or its officers, directors, employees, or agents for the exercise of rights protected under the Agreement and the First Amendment; and

   3. Threatening, intimidating, or coercing SMAC or its officers, directors, employees, or agents, including, but not limited to, by taking over SMAC's Board of Directors, in order to dissolve SMAC or withdraw this lawsuit;

C. Order that Defendants provide a copy of the Court's TRO/PI to the Town Manager, all members of the Town Select Board, Town Counsel, and any other Town officers,

officials, or employees with responsibilities relating to SMAC or the Agreement within twenty-four hours of the entry of the Court's TRO/PI;

D. Order Defendants to file a status report with the Court confirming Defendants' compliance with the TRO within forty-eight hours of the entry of the Court's TRO/PI;

E. Enter any and all such other and further relief for Plaintiff as the Court deems just and proper.

## REQUEST FOR EXPEDITED ORAL ARGUMENT

Plaintiff respectfully requests expedited oral argument on this emergency motion. Plaintiff's counsel has conferred with Defendants' counsel, and reports that, if it works for the Court, **all counsel are available to be heard on this motion on Monday, October 6, in the afternoon, and Wednesday, October 8, at any time.**

Respectfully submitted,

**STOUGHTON MEDIA ACCESS CORPORATION,**

By Its Attorneys,

/s/ *Joseph P. Zoppo*
Joseph P. Zoppo (BBO #558423)
Peres, Zoppo & Associates
6 Cabot Place, Suite 10
Stoughton, MA 02702
Tel: (781) 436-8440
Fax: (781) 251-6649
jzoppo@pereszoppo.com


/s/ *Zachary M. Wallack*
Zachary M. Wallack (BBO #687965)
Matthew D. Rodgers (BBO #681761)
Trevin C. Schmidt (BBO #703916)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110-2602
Tel: (617) 342-6800
Fax: (617) 342-6899
zwallack@eckertseamans.com
mrodgers@eckertseamans.com
tschmidt@eckertseamans.com

Dated: October 3, 2025

**LOCAL RULE 7.1(a) CERTIFICATE OF COMPLIANCE**

      I hereby certify that on October 2, 2025, I communicated with counsel for Defendants by telephone in an attempt to resolve the issues raised in this motion, but the parties were not able to reach an agreement.

Dated: October 3, 2025                                /s/ *Zachary M. Wallack*
                                                            Zachary M. Wallack

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the Court's ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those parties, if any, which are non-registered participants.

Dated: October 3, 2025                                /s/ *Zachary M. Wallack*
                                                            Zachary M. Wallack