UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STOUGHTON MEDIA ACCESS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE TOWN OF STOUGHTON, MASSACHUSETTS, THOMAS CALTER III, STEPHEN CAVEY, and JOSEPH MOKRISKY, in their individual and official capacities,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:25-cv-10886-IT |

MEMORANDUM & ORDER

October 9, 2025

TALWANI, D.J.

Pending before the court is Plaintiff Stoughton Media Access Corporation's ("SMAC") Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Emergency Motion") [Doc. No. 39]. For the reasons that follow, the Emergency Motion is denied in part and denied without prejudice in part.

I.     **Background on the Record Before the Court**

On August 9, 2023, the Town of Stoughton, Massachusetts ("Town" or "Stoughton") and SMAC, a 501(c)(3) non-profit corporation that provides "local public access programming to the citizens of Stoughton," entered into an Access Corporation Agreement ("Agreement"), Ex. A to Bates Aff. [Doc. No. 40-1], that provides SMAC with grant funding to provide its services. Bates Aff. ¶¶ 2, 7-10 [Doc. No. 40]. The funding SMAC receives through this agreement is "SMAC's sole source of funding[.]" Id. ¶ 8.

On April 10, 2025, SMAC brought this action against the Town, Town Manager Thomas Calter III, Town Select Board Chair Stephen Cavey, and Town Select Board Member Joseph Mokrisky. Compl. ¶¶ 1-2 [Doc. No. 1]. Plaintiff alleges that the individual Defendants retaliated against Plaintiff for exercise of First Amendment Rights in violation of 42 U.S.C. § 1983 (Count I) and the Massachusetts Civil Rights Act (Count III), id. ¶¶ 90, 105, that Calter and Cavey defamed SMAC (Count IV), id. ¶ 113, and that the Town and the individual Defendants in their official capacity deprived SMAC of its First Amendment Rights (Count II), id. ¶ 96-97. SMAC also brings claims against the Town alone for breach of contract (Count VI), id. ¶ 137, breach of the implied covenant of good faith and fair dealing (Count VII), id. ¶ 141, violation of Mass. Gen. Laws c. 93A (Count VIII), id. ¶ 150, and for a Declaratory Judgment that a provision of SMAC's bylaws divesting its members of the ability to amend those bylaws is invalid and that Stoughton has no authority to appoint, then remove, for no cause, a quorum of SMAC's Board of Directors (Count V), id. ¶ 133.

On September 11, 2025, SMAC received a letter from Select Board Chair Cavey notifying SMAC that on October 9, 2025, the Select Board will hold a public hearing to assess various issues related to the Agreement. See Notice of October 9, 2025, Select Board Hearing, Ex. J to Bates Aff. ("Notice Letter") [Doc. No. 40-10]. The Notice Letter provides that at the public hearing, "the Board will decide first whether: 1) a breach [of the Agreement] occurred; and 2) whether that breach was cured or otherwise excused or waived." Id. at 1. The Notice Letter provides further that "the Board will then decide and advise SMAC within ten (10) days of any remedy the Board elects to impose." Id.; see also Notice of Public Hearing, Ex. I to Bates Aff. ("Notice") (similar) [Doc. No. 40-9].

Plaintiff moves this court to order that Defendants and any "officers, agents, servants, employees, and attorneys, and any other persons who are in active concert with Defendants" be enjoined from:

> Deliberating, voting, or taking any action to hold SMAC in alleged breach or default under the Agreement, withdraw SMAC's designation as the Town's Access Corporation under the Agreement, terminate the Agreement, or otherwise penalize or sanction SMAC, other than pursuing a defense or counterclaim to that effect in this lawsuit;
>
> Breaching or violating, or taking any other actions to breach or violate, any of their contractual obligations to SMAC under the Agreement . . .; and
>
> Threatening, intimidating or coercing SMAC or its officers, directors, employees, or agents, including, but not limited to, by taking over SMAC's Board of Directors, in order to dissolve SMAC or withdraw this lawuit[.]

Emergency Mot. 4 [Doc. No. 39].

## II. Standard of Review

The issuance of a temporary restraining order before a trial on the merits can be held is an "extraordinary remedy" that shall enter only if a plaintiff makes a clear showing of entitlement to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). In evaluating a motion for a temporary restraining order, the court considers four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

Esso Standard Oil Co. v. Monroig–Zayas, 445 F.3d 13, 17–18 (1st Cir. 2006) (quoting Bl(a)ck Tea Soc'y v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004)); see also Bourgoin v. Sebelius, 928 F.Supp.2d 258, 267 (D. Me. 2013) (standard for issuing TRO is "the same as for a preliminary injunction").

The first factor is the most important: if the moving party cannot demonstrate a likelihood of success on the merits, "the remaining become matters of idle curiosity." New Comm Wireless

3

Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success—rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (quoting Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010)).

As to the second factor, when seeking preliminary relief, a harm must be likely, not just possible. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction.") (emphasis in original).

### III.    Discussion

Plaintiff's Emergency Motion is unsuccessful for two reasons. First, Plaintiff has not demonstrated a substantial likelihood of success that its claims, even if successful, would entitle it to an order preventing Defendants from "[d]eliberating, voting, or taking any action" in the October 9, 2025, Select Board hearing. Emergency Mot. 4 [Doc. No. 39].

Plaintiff is asking this court to enjoin an elected official from engaging in the official's core responsibilities. Plaintiffs argue that Defendants have a conflict of interest such that "SMAC will likely prevail on the merits of its declaratory judgment claim concerning the impropriety of the conflicted Individual Defendants participating in any deliberations or votes concerning the future of the Access Agreement and SMAC." Mem. ISO. Emergency Mot. 17 [Doc. No. 44] (original footnote omitted).[1]

---

[1] The operative Complaint [Doc. No. 1] contains no such claim.

4

To support this argument Plaintiff cites Nantasket Beachfront Condos., LLC v. Hull Redev. Auth., 87 Mass. App. Ct. 455 (2015). The case does not support Plaintiff's Emergency Motion for a myriad of reasons. First, the appellate court was affirming a lower court decision granting the defendant municipal redevelopment authority's motion for summary judgment. Nantasket, 87 Mass. App. Ct. at 456. The decision does not concern the propriety of injunctive relief at all. Second, while the appellate court acknowledged that, "unless one of the recognized exceptions applied, [individuals with a financial interest] could not participate as board members in matters concerning the project[,]" pursuant to Mass. Gen. Laws c. 268A, § 19, id. at 462, it also concluded that plaintiff's primary remedy was to file a complaint with the ethics commission alleging such violations. Id. at 465. Finally, "'financial interest' in the authority's consideration of the project," id at 462, existed independently of any litigation against the defendant. Here, in contrast, Defendants' purported conflict of interest is "the significant financial exposure they currently face as named defendants." Mem. ISO Emergency Mot. 18 [Doc. No. 44]. This "conflict of interest" was created by the Plaintiff when Plaintiff filed this suit.[2] In sum, Plaintiff has not demonstrated a likelihood of success on the merits that would entitle Plaintiff to the requested preliminary relief.

As to Plaintiff's request that the court enjoin a vote that would terminate the Agreement, Plaintiff has not demonstrated that there is as of now a potential for irreparable harm. A vote has

---

[2] Plaintiff also points to Comtois v. State Ethics Comm'n, 102 Mass. App. Ct. 424, 433 (2023). This case underscores that an alleged conflict is properly addressed in the first instance by the State Ethics Commission. And again, the case did not involve a request for a preliminary injunction and did not address a "financial conflict" caused by a plaintiff's own litigation.

5

not yet taken place as to whether a breach of the Agreement has occurred, whether that breach was cured or otherwise excused or waived, and if so, what remedy the Board elects to impose. Moreover, both the Agreement and counsel's statement in court confirm that no such remedy would be enacted for ten days following the vote. For these reasons, Plaintiff's claim of likely irreparable harm is premature.

## IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion [Doc. No. 39] is DENIED. As to Plaintiff's request that the court enjoin Defendants from participating in the Select Board hearing, that request is denied with prejudice. As to Plaintiff's request that the court enjoin termination of the Agreement, that request is DENIED without prejudice.

IT IS SO ORDERED.

October 9, 2025                                         /s/ Indira Talwani
                                                        United States District Judge